This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STANDAGE FARMS, INC.,**

Plaintiff-Appellant,

**v.**                                                              **No. 32,362**

**LUSK ONION INC.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Denise J. Trujillo
Albuquerque, NM

for Appellant

Behles Law Firm
Jennie Deden Behles
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Plaintiff Standage Farms, Inc. appeals from the order on a motion to stay a registration of foreign judgment and to vacate said judgment. [RP 242] Plaintiff raises one issue on appeal: whether the district court exceeded the directions of the Mandate and Opinion of this Court upon remand following the previous appeal by making a determination of Plaintiff's PACA status. [DS 3] PACA stands for the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a-499t. [RP 180 (¶ 1)] This Court's calendar notice proposed to affirm. [CN 1] Plaintiff has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

Plaintiff originally filed this action in New Mexico district court to register its Oregon default judgment against Defendant. [RP 1] The district court's order denied Defendant's amended motion to stay the registration of foreign judgment and to vacate it. [RP 64] Defendant appealed from that order to this Court (No. 30,912). [RP 66] This Court filed a Memorandum Opinion, reversing and remanding the case back to the district court. [RP 91-97] In the Opinion, this Court noted that Defendant had moved to vacate the default judgment entered by the Oregon court for lack of personal jurisdiction and fraud, alleging specific facts to support these claims. [RP 96] We further noted that the district court did not reach the merits of Defendant's

2

defenses and had ruled that Defendant should have asserted the defenses in the Oregon court. [Id.] "Because fraud and lack of jurisdiction are two grounds on which a party may collaterally attack a foreign judgment," we reversed the district court's order and remanded "for the district court to consider the merits of Defendant['s] defenses." [RP 96-97]

On remand, the district court ruled that the Oregon court did have jurisdiction over Defendant and that its judgment "satisfies due process[.]" [RP 240] In addition, the district court ruled that Plaintiff's judgment was not procured through fraud, because (1) Plaintiff had "disclosed the basis of the claims and the history of the N.M. [b]ankruptcy proceedings to the court"; (2) Plaintiff did not "willfully misrepresent[] its status as a claimant in the [b]ankruptcy" proceedings to the district court; and (3) "[t]hroughout this matter, [Plaintiff] appears to have believed it was a PACA claimant." [Id.] The district court then ruled that Plaintiff was not entitled to enforce its judgment in New Mexico, however, because (1) Plaintiff was not a PACA claimant in the bankruptcy case (i.e., a creditor with priority claim status); (2) the bankruptcy case was closed in a 2007 Final Decree without payment to Plaintiff; and therefore (3) Plaintiff's claim did not survive the entry of the Final Decree. [RP 241; see RP 240 (¶ i)] We affirm this ruling.

In this regard, although Plaintiff continues to contend that it is one of the Class 5-B PACA claimants whose claim was not discharged in the bankruptcy final decree [MIO 1-2], as we stated in the calendar notice, the record proper indicates that the bankruptcy plan, which was approved by Plaintiff and the bankruptcy court in 2005, did not list Plaintiff as a PACA claimant. [RP 240 (¶¶ e, f, g); *see also* RP 218 (¶ e) (describing Class 5-A and Class 5-B creditors); RP 235 (showing creditor Central Produce as the only Class V-B (PACA) creditor; RP 237 (showing Plaintiff as a Class V-A unsecured creditor)].

In this case, moreover, if Plaintiff survived Defendant's collateral attack of the Oregon judgment on the basis of lack of jurisdiction or fraud, the parties fully recognized that Defendant's next line of defense to enforcement in New Mexico was whether Plaintiff's judgment survived the 2007 Final Decree in the bankruptcy proceedings. [RP 226 (stating that the plan "has been substantially consummated . . . and that the estate has been fully administered")] In this regard, we note that neither Plaintiff nor Defendant challenge the merits of the district court's rulings that the Oregon court had jurisdiction over Defendant and that Plaintiff did not obtain the Oregon judgment through fraud or misrepresentation, and accordingly, we do not address the merits of the district court's rulings on these issues. Moreover, the record proper also reflects that the parties briefed the issue of whether Plaintiff's judgment

survived the 2007 Final Decree prior to the New Mexico district court's decision and order. [RP 180-88; RP 204 (¶ 10); RP 240-43]

We hold that whether Plaintiff was a PACA creditor and whether Plaintiff's claim survived the Final Decree in the bankruptcy proceedings to be enforceable in New Mexico, can be considered the merits of "Defendant's defenses" for determination on remand pursuant to this Court's Memorandum Opinion. [RP 96-97] The district court had the authority to decide this issue, and we affirm its determination on the merits.

**CONCLUSION**

We affirm the district court's decision and order as being within the parameters of the order of remand set forth in this Court's Memorandum Opinion.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**MICHAEL E. VIGIL, Judge**